IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:24-CR-198-X |
| v. | |
| KEITHAN STEWART | |

## FACTUAL RESUME

INFORMATION:

Count One:   Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(8)

PLEA:   Guilty to Count One: Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(8)

PENALTY:

- Imprisonment for a period not to exceed fifteen (15) years;
- A fine not to exceed $250,000, or both a fine and imprisonment;
- A supervised-release term not to exceed three (3) years, which may be mandatory under the law and will follow any imprisonment term. If Mr. Stewart violate the conditions of supervised release, Mr. Stewart could be imprisoned for the entire term of the supervised release;
- Cost of incarceration and supervision
- A mandatory special assessment of $100;
- Forfeiture of property

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, the government must prove each of the following elements beyond a reasonable doubt:

First.   That the defendant knowingly possessed a firearm as charged in the superseding information;

*Second.*   Before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.*   The defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

*Fourth.*   That possession of the firearm affected interstate or foreign commerce, that is: before the Defendant possessed the charged firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

## STIPULATED FACTS

1. On or about November 20, 2023, in the Dallas Division of the Northern District of Texas (NDTX), knowing that he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense, he knowingly possessed, in and affecting interstate or foreign commerce, a firearm, to wit: a Glock, Model 23, .40 caliber pistol, bearing serial number AEDE682, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

2. On or about November 20, 2023, an officer with the Irving Police Department observed the Defendant in a parked vehicle, with several individuals, holding a handgun.

3. After several individuals in the vehicle, including the Defendant, were arrested, officers recovered a Glock, Model 23, .40 caliber pistol, bearing serial number AEDE682, from the vehicle.

4. The above-referenced firearm was not manufactured in the state of Texas; therefore, the firearm previously traveled in interstate or foreign commerce at some time prior to the defendant's possession of the firearm in the State of Texas.

5. Prior to November 20, 2023, the defendant had been convicted of the following crime punishable by imprisonment for a term in excess of one year, that is, felony offense:

> On or about January 27, 2022, the defendant was convicted and sentenced to four years' confinement for the offense of Attempted Burglary of Habitation,[1] in *The State of Texas v. Keithan Stewart*, Cause No. F-2040093-L, in the Criminal District Court #5, Dallas County, Texas.

SIGNED this ___3rd___ day of __February__, 2025.


KEITHAN STEWART
Defendant


ANDRENETTE SULLIVAN
Attorney for Defendant

---

[1] While the judgment of conviction lists the offense as "Burglary of Habitation," the underlying plea documents and the court's admonishment list the offense as "Attempted Burglary of Habitation." The police report also describes the offense as an Attempted Burglary of Habitation

Factual Resume—Page 3